Filed 12/30/21  P. v. Camarena CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C093560 |
| v. | (Super. Ct. No. CR-2016-531-1) |
| JESUS CAMARENA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jesus Camarena asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We will modify the judgment to lift the stay on the probation revocation fine in light of the trial court's revocation of probation, and, to the extent there is a discrepancy in the judgment regarding the base fine and penalty assessments, further modify the judgment to reflect the imposition of a $50 base fine with $155 in penalty assessments.  Finding no other arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

1

I

A criminal information charged defendant with second degree robbery (Pen. Code, §§ 211, 212.5 - count one)[1] and assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4) - count two). The information further alleged that, as to both counts, defendant inflicted great bodily injury on a person 70 years of age or older (§ 12022.7, subd. (c).) Defendant pleaded not guilty, denied the enhancement allegations, and was released on his own recognizance with supervision.

Defendant ultimately pleaded no contest on the count two charge of assault by means of force likely to cause great bodily injury and admitted the enhancement allegation associated with that count. In exchange, the People agreed to dismiss the remaining count and enhancement with a *Harvey*[2] waiver. The trial court tentatively indicated it would find this was an unusual case (Cal. Rules of Court, rule 4.413) and would grant defendant probation. The stipulated factual basis for defendant's plea was the preliminary hearing transcript.

The trial court placed defendant on probation for three years with various terms and conditions, including that defendant serve 150 days on work project or home confinement. The trial court ordered defendant to pay a $300 restitution fine (§ 1202.4, subd. (b)), a $300 probation revocation restitution fine (§ 1202.44), a $50 base fine with $155 in penalty assessments,[3] a $40 court operations assessment (§ 1465.8), and

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754, 758.

[3] The oral pronouncement and minute order reflect the $50/$155 amount, but the general orders following the probation conditions identify the amount as $500/$1550. The oral pronouncement controls, and it is correct. We will note in the disposition that the $155 amount is the correct penalty assessment on a $50 base fine.

a $30 conviction assessment (Gov. Code, § 70373). The trial court awarded nine days of presence credit (five days actual and four days conduct).

Thereafter, probation filed a declaration and proposed order alleging defendant had violated his probation by failing to obey all laws. Specifically, it was alleged defendant had been arrested and charged with assault with a deadly weapon (§ 245, subd. (a)) and corporal injury on a spouse or cohabitant (§ 273.5, subd. (a)) in Colusa County. The allegations were amended orally to add an additional violation, that defendant had been arrested for and charged with felony resisting an executive officer (§ 69) out of Sutter County. Defendant waived his right to an evidentiary hearing and admitted the truth of the amended petition's allegations. The trial court found defendant in violation of probation and sent the matter to probation for a recommendation.

At a subsequent hearing on January 28, 2021, the trial court denied defendant's request to reinstate probation, instead sentencing him to the low term of two years for the assault count and five years consecutive for the great bodily injury enhancement. The trial court reaffirmed the fines and fees previously imposed and also imposed a $300 parole revocation fine (§ 1202.45). But the trial court did not lift the stay previously imposed on the $300 probation revocation fine. We will modify the judgment to state that the stay is lifted in light of the trial court's revocation of probation. It is already listed as unstayed on the abstract of judgment.

The trial court awarded defendant 36 days of presence credit (31 actual and five conduct). It denied defendant's request for a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Based on our review of the record, we have determined that the judgment should be modified to lift the stay on the probation revocation fine in light of the trial court's revocation of probation. In addition, to the extent there is a discrepancy in the judgment regarding the base fine and penalty assessments, the judgment should be further modified to reflect the imposition of a $50 base fine with $155 in penalty assessments. Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified to lift the stay on the probation revocation fine in light of the trial court's revocation of probation. In addition, to the extent there is a discrepancy in the judgment regarding the base fine and penalty assessments, the judgment is further modified to reflect the imposition of a $50 base fine with $155 in penalty assessments. The judgment is affirmed as modified. The trial court shall deliver an amended abstract of judgment to the Department of Corrections and Rehabilitation.


                                               _____/S/_____
                                               MAURO, J.


We concur:


_____/S/_____
ROBIE, Acting P. J.


_____/S/_____
RENNER, J.

4